# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

BRENDA K. BOLIN, )
 )
      Plaintiff, )
 )
v. ) Case No. CIV-08-153-KEW
 )
MICHAEL J. ASTRUE, )
Commissioner of Social )
Security Administration, )
 )
      Defendant. )

## OPINION AND ORDER

Plaintiff Brenda K. Bolin (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is AFFIRMED.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* <u>Williams v. Bowen</u>, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was born on January 24, 1961 and was 45 years old at the time of the ALJ's latest decision. She completed her education through the eleventh grade. Claimant has engaged in past relevant work as a packing machine operator and poultry boner. Claimant alleges an inability to work beginning May 5, 2001 due to back

3

disorders discogenic and degenerative and arthropathies.

## Procedural History

On May 14, 2004, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) of the Social Security Act. Claimant's application for benefits was denied initially and upon reconsideration. On August 8, 2007, Claimant appeared at a hearing before ALJ Deborah Rose in McAlester, Oklahoma. By decision dated December 18, 2007, the ALJ found Claimant was not disabled at any time through the date of the decision. On March 29, 2008, the Appeals Council denied Claimant's request for review. Thus, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. She found Claimant retained the residual functional capacity ("RFC") to perform a significant range of light work.

## Errors Alleged for Review

Claimant asserts the ALJ committed error requiring reversal in (1) failing to afford the opinion of Claimant's treating physician that appropriate weight; (2) assigning an RFC to Claimant which is not supported by substantial evidence; (3) asking flawed

4

hypothetical questions of the vocational expert testifying at the administrative hearing; (4) improperly analyzing Claimant's pain; and (5) improperly evaluating Claimant's credibility.

## Administrative Matter

This Court would be remiss if it did not comment upon the state of Claimant's briefing in this case. Claimant's lack of citation to the administrative record has made it exceedingly difficult to track her arguments to specific medical records in the 664 page administrative record attendant to this appeal. A corresponding delay in ruling has resulted.

## Treating Physician's Opinion

Claimant first contends the ALJ failed to properly consider the opinions of her treating physician, Dr. R. M. Valbuena. Claimant appears to primarily take issue with the ALJ's rejection of Dr. Valbuena's findings in a document entitled "Attending Physician's Statement" completed August 1, 2007. (Tr. 632). Dr. Valbuena found Claimant's condition, status post surgery of her right shoulder in 1999, was severe enough to affect her ability to tolerate work stress, required Claimant to take unscheduled breaks during a workday, would likely produce "good days" and "bad days," and would require Claimant to miss work more than four days per month. Dr. Valbuena also found Claimant could not do simple

5

grasping, pushing and pulling, or fine manipulation with her right hand with no restriction on her left hand usage. Dr. Valbuena also expresses the need for Claimant to sit and stand. Id.

In his decision, the ALJ found Dr. Valbuena's assessment was not supported by medically acceptable clinical and laboratory diagnostic techniques and is not consistent with other substantial medical and non-medical evidence of record. (Tr. 562). The ALJ bases his rejection of Dr. Valbuena's assessment specifically upon (1) the report was prepared at the request of Claimant and her counsel; (2) Dr. Valbuena did not perform any diagnostic testing to arrive at his conclusions in the assessment; (3) he did not consult with specialists before completing the statement; (4) mental impairment findings made by Dr. Valbuena were suspect because he is not a psychiatrist. (Tr. 563).

In deciding how much weight to give the opinion of a treating physician, an ALJ must first determine whether the opinion is entitled to "controlling weight." Watkins v. Barnhart, 350 F.3d 1297, 1300 (10th Cir. 2003). An ALJ is required to give the opinion of a treating physician controlling weight if it is both: (1) "well-supported by medically acceptable clinical and laboratory diagnostic techniques"; and (2) "consistent with other substantial evidence in the record." Id. (quotation omitted). "[I]f the opinion is deficient in either of these respects, then it is not

6

entitled to controlling weight." Id.

Even if a treating physician's opinion is not entitled to controlling weight, "[t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527." Id. (quotation omitted). The factors reference in that section are: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion. Id. at 1300-01 (quotation omitted). After considering these factors, the ALJ must "give good reasons" for the weight he ultimately assigns the opinion. 20 C.F.R. § 404.1527(d)(2); Robinson v. Barnhart, 366 F.3d 1078, 1082 (10th Cir. 2004)(citations omitted). Any such findings must be "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinions and the reason for that weight." Id. "Finally, if the ALJ rejects the opinion completely, he must then give specific,

7

legitimate reasons for doing so." <u>Watkins</u>, 350 F.3d at 1301 (quotations omitted).

This Court has reviewed the medical record on appeal and finds the ALJ engaged in a thorough recitation of the factors necessary to give a treating physician's opinion reduced weight. The ALJ engages in an extensive discussion of Dr. Valbuena's treatment records and the discrepancies between Claimant's treatment and Dr. Valbuena's opinion on her limitations. For instance, Dr. Valbuena only restricted Claimant from "heavy lifting," reported Claimant was not taking pain medication, and did not have any recent injury. (Tr. 491, 561, 629). Claimant was found to have good range of motion in her right upper extremity. (Tr. 561, 564). Claimant was noted in August of 2004 as having only a slight decrease in range of motion in her right shoulder. (Tr. 406, 408). In sum, the ALJ's assessment of Dr. Valbuena's statement was not erroneous.

**RFC Assessment**

Claimant's argument on this point is curious. Claimant correctly recites the applicable law on the requirements for an ALJ to analyze the medical evidence before arriving at an RFC. However, she does not specifically indicate the error the ALJ in her case allegedly made in assessing her RFC for light work. This Court finds no error in the ALJ's analysis that Claimant retained

the RFC to perform light work with the limitations set out in the ALJ's decision.

**Hypothetical Question Posed to Vocational Expert**

Claimant contends the ALJ failed to include the appropriate limitations in the use of her right arm and shoulder when posing a question to the vocational expert. Claimant states "the medical records clearly establish that the plaintiff has a permanent impairment as it relates to the right shoulder and that the impairment is significant." The ALJ's questioning took Claimant's shoulder limitations into consideration. She specifically asked the vocational expert to consider the hypothetical person as having "limited use of her right upper extremity and with that right upper extremity she could only occasionally reach or work above shoulder level." (Tr. 659). Similar limitations were included in several hypothetical questions posed by the ALJ to the vocational expert. (Tr. 660, 662).

A vocational expert's testimony can provide a proper basis for an ALJ's determination where the claimant's impairments are reflected adequately in the hypothetical inquiries to the expert. Gay v. Sullivan, 986 F.2d 1336, 1341 (10th Cir. 1993). The ALJ is required to accept and include in the hypothetical question only those limitations supported by the record. Shepherd v. Apfel, 184

9

F.3d 1196, 1203 (10th Cir. 1999). This Court finds the ALJ included all necessary restrictions in her questioning of the vocational expert. Therefore, no error can be attributed to the ALJ's step five analysis.

**Credibility Determination**

Claimant's final two arguments are inextricably intertwined. Claimant argues that the ALJ erred in her assessment of Claimant's claims of pain and that she failed to engage in a proper credibility determination. Claimant's argument against the ALJ's assessment of Claimant's credibility with regard to pain appears to be she had surgery on her shoulder, took some pain medication and, therefore, must be believed as to the extent of the debilitating nature of that pain. This contention is a non sequitur.

It is well-established that "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are peculiarly in the province of the finder of fact" and, as such, will not be disturbed when supported by substantial evidence. Id. Factors to be considered in assessing a claimant's credibility include (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or

other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. Soc. Sec. R. 96-7p; 1996 WL 374186, 3. The ALJ's credibility findings are supported by the record.

**Conclusion**

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, this Court finds the ruling of the Commissioner of Social Security Administration should be and is **AFFIRMED**.

DATED this 30th day of September, 2009.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE